```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

Gulnaz Cowder,                    :
      Plaintiff,                  :
                                  :
      v.                          :     File No. 1:09-CV-40
                                  :
Andrew Cowder,                    :
      Defendant.                  :

OPINION AND ORDER
(Paper 5)

Plaintiff Gulnaz Cowder, proceeding *pro se*, brings this diversity action against her ex-husband, Andrew Cowder, for an alleged assault that occurred in February 2006. Andrew Cowder has moved to dismiss the complaint, citing a general release signed by his ex-wife in August 2006, and Vermont's three-year statute of limitations. For reasons set forth below the Court finds that the complaint is barred by the general release, and that the case must therefore be DISMISSED.

## Legal Standard

The motion pending before the Court is brought pursuant to Fed. R. Civ. P. 12(b)(6). In order to survive such a motion, the complaint must plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). In considering the motion, the Court will construe the plaintiff's claims liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008), cert. denied, 128 S. Ct.

2964 (2008) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002)). The Court must also limit itself to the facts alleged in the complaint; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon which the complaint "relies heavily" and which are, thus, rendered "integral." Chambers, 282 F.3d at 152-53.

Factual Background

The complaint alleges that on February 12, 2006, defendant Andrew Cowder assaulted his then-wife, Gulnaz Cowder, causing her physical and emotional injuries. The plaintiff, who now resides in New York, claims that her damages exceed $75,000. The defendant is a Vermont resident. Accordingly, this Court has jurisdiction pursuant to the federal diversity statute, 28 U.S.C. § 1332.

The parties divorced in August 2006. The Court takes judicial notice of the Bennington Family Court's Final Order and Decree, which incorporated the parties' Final Marital Settlement Agreement. See Rothman v. Gregor, 220 F.3d 81, 92 (2d Cir. 2000) (explaining that courts may take judicial notice of public records, including pleadings in other litigation); Reisner v. Stoller, 51 F. Supp. 2d 430, 440 (S.D.N.Y. 1999); Steinmetz v. Toyota Motor Credit Corp., 963 F. Supp. 1294, 1299 (E.D.N.Y.

1997). The Settlement Agreement included a general release, which reads:

> ARTICLE 16
> MUTUAL RELEASE AND DISCHARGE OF GENERAL CLAIMS
>
> The parties hereby remise, release and forever discharge, and by these presents do for themselves, their heirs, legal representatives, executors, administrators and assigns, remise, release and forever discharge one another of any and all causes of actions, claims, property rights, marital awards, rights or demands whatsoever in law or in equity, except any or all causes or causes of action for divorce which either of them have had, or now has against the other except with respect to their obligations under this Agreement.

(Paper 5-1 at 9). The notarized agreement was signed by both parties on August 31, 2006. Id. at 14. The state court signed the divorce decree the same day, ordering that "the parties are hereby directed to comply with every legally enforceable term and provision of [the Settlement Agreement] as if such term or provision were set forth in its entirety herein." Id. at 1.

The plaintiff filed her complaint in this case through counsel on February 11, 2009, almost exactly three years from the date of the alleged assault. The initial complaint incorrectly stated that the date of the alleged assault was December 12, 2006. (Paper 1 at 1). Counsel filed an amended complaint on May 4, 2009, changing the date of the alleged assault to February 12, 2006. On June 8, 2009, plaintiff's counsel moved to withdraw from the case citing "irreconcilable differences" with his

3

client. The motion was granted, and the plaintiff is now proceeding *pro se.*

On June 9, 2009, the defendant filed a motion to dismiss. His motion first argues that the plaintiff's claims are barred by the general release set forth in the 2006 Settlement Agreement. The defendant also submits that the amended complaint does not relate back to the filing date of the original complaint, and that the complaint is therefore untimely.

## Discussion

Because this case is a diversity action, the Court will apply Vermont's substantive law when considering the effect of the 2006 Settlement Agreement. Travelers Ins. Co. v. 633 Third Assocs., 14 F.3d 114, 119 (2d Cir. 1994) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)).

The release set forth in the Settlement Agreement is a contract. Caledonia Sand & Gravel Co. v. Joseph A. Bass Co., 121 Vt. 161, 165 (1959). As with any contract, the Court's task is to give effect to the intent of the parties. See State v. Philip Morris USA, Inc., 183 Vt. 176, 183 (2008). The Court may presume that the parties' intent is reflected in the contract's language when that language is clear. In re Adelphia Bus. Solutions of Vt., Inc., 177 Vt. 136, 139 (2004); Karlen Commc'n, Inc. v. Mt. Mansfield Television, Inc., 139 Vt. 615, 617 (1981).

The question of whether a contract term is ambiguous is for the Court to decide as a matter of law. Trustees of Net Realty Holding Trust v. AVCO Financial Servs. of Barre, Inc., 144 Vt. 243, 248 (1984). "A provision in a contract is ambiguous only to the extent that reasonable people could differ as to its interpretation." Id. "If the provision is unambiguous, it must be given effect in accordance with its plain, ordinary, and popular sense." Id. (citing Douglass v. Skiing Standards, Inc., 142 Vt. 634, 636 (1983); Cheever v. Albro, 138 Vt. 566, 569 (1980)).

Here, the language of the general release is unambiguous. The Cowders released and "forever discharge[d]" each other from "any and all causes of action, claims, property rights, marital awards, rights or demands whatsoever in law or in equity . . . ." (Paper 5-1 at 9). The release, entitled "Mutual Release and Discharge of General Claims," is general and unlimited, with the exception of a single carve-out for "causes of action for divorce." Id. Nothing in the release suggests that non-marital claims, such as an action in tort, were being excluded.

The plaintiff was represented by counsel when she signed the Settlement Agreement, and was obviously aware that an assault had allegedly taken place several months prior. Had she wanted to preserve claims of any sort, including tort claims, those claims should have been specified and excluded at the time. See, e.g.,

Coleman v. Coleman, 566 So. 2d 482, 485 (Ala. 1990) (noting that "if the spouse does not intend a release of all known claims, he or she could expressly reserve a tort claim from the settlement and then subsequently sue in tort"). Instead, she released the defendant from all claims other than a suit in divorce, and that release remains binding. See, e.g., Overberg v. Lusby, 921 F.2d 90, 91-92 (6th Cir. 1990); Yohannes v. Habtesilassie, 2008 WL 73715, at *2 (Minn. App. Jan. 4, 2008); Cerniglia v. Cerniglia, 679 So. 2d 1160, 1164-65 (Fla. 1996); Henry v. Henry, 534 N.W.2d 844, 847 (S.D. 1995); Coleman, 566 So. 2d at 485.

In opposition to the motion to dismiss, the plaintiff cites Slansky v. Slansky, 150 Vt. 438 (1988) for the proposition that a divorce decree is not a bar to a subsequent tort action. (Paper 12 at 4). She also notes that the Slansky decision relied, in part, on McNevin v. McNevin, 447 N.E.2d 611 (Ind. App. 1983), in which an Indiana court held that a dissolution decree did not extinguish a claim against the plaintiff's former husband for assault. Both cases are distinguishable, as neither involved a general release as part of the divorce. See Henriksen v. Cameron, 622 A.2d 1135, 1142 (Me. 1993) (noting that while divorce judgment did not constitute *res judicata* for purpose of subsequent tort claim, defendant could have included general release in divorce settlement agreement).

6

The plaintiff also argues that the release in the Settlement Agreement does not prevent her current claim because she could not have brought a damages action for personal injuries as part of the divorce proceeding. (Paper 12 at 4-5). While it may be true that joining a tort claim to the divorce proceeding would have been improper, see Ward v. Ward, 155 Vt. 242, 248 (1990), this fact does not touch the question of whether the general release, signed by both parties and notarized, somehow left open the possibility of a subsequent tort claim against the defendant. Given the clear language of the release, the Court concludes that it did not, and that the plaintiff's claim is barred.

## Conclusion

For the reasons set forth above, the defendant's motion to dismiss (Paper 5) is GRANTED and this case is DISMISSED.

Dated at Brattleboro, in the District of Vermont, this 8th day of January, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge